**Idania Maybeli ROSALES–PICEN, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 02–70979.
Agency No. A76–680–122.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 14, 2005.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Miguel D. Gadda, Law Offices of Miguel D. Gadda, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, M. Jocelyn Wright, Nelda C. Reyna, Attorney, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM***

Idania Maybeli Rosales–Picen, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We deny in part and dismiss in part this petition for review.

■ In her July 29, 2002 opening brief to this court,[1] Rosales–Picen challenges the merits of the BIA's denial of her application. We review for substantial evidence. *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Substantial evidence supports the determination that the threats the Guatemalan guerillas made to Rosales–Picen did not constitute past persecution, *see Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (unfulfilled threats may indicate a danger of future persecution, but generally do not constitute past persecution), and that she failed to present evidence showing an objectively reasonable fear of future persecution, *see Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002) (where petitioner fails to show past persecution, country conditions reports are relevant evidence supporting a finding of no fear of future persecution).

Because Rosales–Picen does not satisfy the standard for asylum, she necessarily fails to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo*, 224 F.3d at 1150.

1. This brief was filed by Rosales–Picen's counsel at the time, Miguel Gadda, who was subsequently disbarred from the practice of law before this court. *See Gadda v. Ashcroft*, 377 F.3d 934, 938 (9th Cir.2004).

■ We lack jurisdiction to review the agency's denial of voluntary departure. *See Tovar–Landin v. Ashcroft,* 361 F.3d 1164, 1166 (9th Cir.2004).

Petitioner's July 27, 2004 supplemental brief[2] contends only that Miguel Gadda provided ineffective assistance of counsel in representing her in proceedings before the IJ and BIA, but she fails to show she exhausted this issue by first presenting it to the BIA in a motion to reopen. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000). Accordingly, we dismiss the contentions relating to Gadda's ineffective assistance. *See Barron,* 358 F.3d at 677.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

**2.** The brief was filed by petitioner's new attorney, who substituted in as counsel of record following this court's order in *Gadda,* 377 F.3d at 948.

