**Mohammad Ejaz KHAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74621.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 16, 2005.

Reem O. Awad–Rashmawi, Law Office of Reem O. Awad–Rashmawi, Sacramento, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Robbin K. Blaya, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM **

Mohammad Ejaz Khan, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We dismiss in part, and deny in part this petition for review.

We lack jurisdiction to consider Khan's challenge to the IJ's denial of voluntary departure, and we dismiss the petition with respect to this claim. *See Tovar–Landin v. Ashcroft,* 361 F.3d 1164, 1166 (9th Cir.2004).

We have jurisdiction over Khan's remaining claims under 8 U.S.C. § 1252. Where, as here, the BIA affirms without an opinion, we review the IJ's decision

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility determination. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001).

The IJ offered specific, cogent reasons for his credibility determination. Therefore, substantial evidence supports the IJ's credibility determination. *See id.* at 1043.

Because Khan did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Khan, who is represented by counsel, made no argument in his opening brief regarding the denial of CAT relief, and so has waived the right to challenge this determination. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

Khan's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche,* 350 F.3d at 849–52.

**PETITION FOR REVIEW DISMISSED in part, and DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.