**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 1, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-60745
Summary Calendar

———————————

MERRYL DELYSE SQUAIR; ALANA SQUAIR,

                                        Petitioners,

versus

ALBERTO R. GONZALEZ, U. S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 602 855
BIA No. A78 602 856
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

        Petitioners Merryl Squair and her adopted daughter, Alana
Squair, who are white citizens of Zimbabwe, petition for review of
the order of the Board of Immigration Appeals (BIA) dismissing
their appeal of the decision of the immigration judge (IJ) denying
their application for asylum, withholding of removal, and relief
under the Convention Against Torture (CAT).  The IJ ordered the
petitioners removed to South Africa.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As the BIA summarily and without a written opinion affirmed the IJ's decision, it is the final agency determination for judicial review. See 8 C.F.R. § 1003.1(e)(4) (2005); Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003). We shall uphold the factual finding that an alien is not eligible for asylum if that finding is supported by substantial evidence. Gomez-Mejia v. INS, 56 F.3d 700, 702 (5th Cir. 1995). The petitioners have the burden to "show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994) (quotation marks omitted).

The petitioners' evidence of verbal harassment does not rise to the level of persecution; neither does their evidence of persecution of white farmers establish that the petitioners, who are not farmers, have been persecuted or have a well-founded fear of future persecution. See Abdel-Masieh v. INS, 73 F.3d 579, 584 (5th Cir. 1996). As the petitioners have not shown persecution or a well-founded fear of persecution, as required for obtaining asylum, they have also failed to show a "clear probability" of persecution as required by the more stringent standard for withholding of deportation. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). Similarly, they have failed to clear "the higher bar of torture" as required for relief under the CAT. See Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002).

2

The petitioners also assert that the IJ erred in finding that they were ineligible for asylum because they were "firmly resettled" in South Africa. We need not decide this question: Even if the petitioners prevailed on the resettlement issue, they have failed to establish entitlement to discretionary asylum on account of persecution.

The petitioners next contend that the BIA violated its own rules by referring their appeal to a single member of the BIA. They argue that a three-member panel should have considered "the detailed, sensitive, and nuanced" resettlement issue. As the resettlement issue was not determinative of their request for relief, however, any IJ error concerning firm resettlement was harmless or nonmaterial; and, in light of the other grounds for denying relief, the legal question of firm resettlement was so insubstantial that three-member review was not warranted. See Garcia-Melendez v. Ashcroft, 351 F.3d 657, 662 (5th Cir. 2003).

The petitioners go on to contend that 8 U.S.C. § 1229c(b) is unconstitutional under the Equal Protection Clause of the 14th Amendment. They argue that there is no rational basis for barring voluntary departure for aliens who have been in the United States for less than a year, while allowing voluntary departure for aliens who have been in the United States for more than a year.

Under well-established Equal Protection principles, the petitioners have failed to carry their burden of negating "every conceivable basis" which might support the statutory classification

3

they challenge.  See FCC v. Beach Communications, Inc., 508 U.S. 307, 315 (1993).  Further, the "legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data."  Id.  We agree with the Ninth Circuit that "Congress presumably determined that those aliens with at least a year's presence had accumulated sufficient interests to warrant time to settle their affairs in this country," thereby meriting the privilege of voluntary departure.  See Tovar-Landin v. Ashcroft, 361 F.3d 1164, 1167 (9th Cir. 2004) (quotation marks omitted).

The petition for review is DENIED.