not an "excise tax" for purposes of federal bankruptcy law.

**REVERSED.**

**Manuel TOVAR–LANDIN, petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71359.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 2004.*

Filed March 18, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Kevin A. Bove, Escondido, California, and Jack Artz, South Pasadena, California, for the petitioner.

Ethan B. Kanter, United States Assistant Attorney General, Washington, D.C., for the respondent.

Before: SILVERMAN, GOULD, and BEA, Circuit Judges.

SILVERMAN, Circuit Judge:

Petitioner Manuel Tovar–Landin, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's summary affirmance of the immigration judge's (IJ) order of removal—specifically, the IJ's denial of petitioner's request for the privilege of voluntary departure in lieu of removal at the conclusion of the proceedings.

Prior to the conclusion of a removal proceeding, an alien is eligible for voluntary departure regardless of how long he has been physically present in the United States. 8 U.S.C. § 1229c(a)(1). However, at the conclusion of a removal proceeding, an alien may be granted voluntary departure only if he has been physically present in the United States for at least one year. 8 U.S.C. § 1229c(b)(1)(A). Petitioner argues that this regime violates the right to due process and the right to equal protection of the law. We deny the petition. Petitioner's due process challenge cannot be sustained because there is no fundamental right to the wholly discretionary relief of voluntary departure. The equal protection challenge is likewise denied because Congress's one-year requirement is not "wholly irrational."

## I. FACTS

On March 1, 1999, petitioner entered the United States without having been admitted or paroled. Nine months later, on November 30, 1999, the INS served a Notice to Appear on petitioner charging him with being subject to removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Represented by counsel, petitioner appeared before an immigration judge, admitted the allegations of fact and conceded that he was subject to removal as charged. Petitioner initially obtained a continuance to pursue deferred action by the INS and voluntary departure. Ultimately, his defense before the IJ evolved into seeking "termination" of the proceedings on the theory that the government should be estopped from obtaining his removal because United States immigration policies encourage illegal immigration. The IJ rejected the estoppel theory, denied the request for termination of proceedings, and found petitioner to be removable as charged. The IJ also denied petitioner's request for voluntary departure, which petitioner did not make until the conclusion of proceedings even though the IJ invited him to apply for voluntary departure prior to the conclusion of proceedings. The IJ ruled that petitioner was statutorily ineligible for that relief because, at the conclusion of proceedings, only aliens physically present in the United States for at least one year are eligible for voluntary departure; petitioner had been physically present in the United States for only nine months when he was served with the Notice to Appear.

## II. JURISDICTION AND STANDARDS OF REVIEW

■■■■ By virtue of 8 U.S.C. §§ 1252(a)(2)(B)(i)(2004)[1] and 1229c(f),[2] we lack jurisdiction to review denials of voluntary departure, including statutory eligibility for voluntary departure. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003). However, we retain jurisdiction to consider constitutional claims arising from discretionary relief. *Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir.2003); *Antonio-Cruz v. INS*, 147 F.3d 1129, 1130 (9th Cir.1998). We review claims of violations of the Constitution in immigration proceedings de novo. *Lopez–Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir.2003).

## III. ANALYSIS

### A. Due process

■■■ Petitioner concedes that 8 U.S.C. § 1229c(b)(1) renders him ineligible for post-hearing voluntary departure because he was not physically present in the United States for at least one year before service of a Notice to Appear. *See* 8 U.S.C. § 1229c(b)(1)(A).[3] But because he

---

**1.** Section 1252(a)(2)(B)(i) provides in relevant part:

Notwithstanding any other provision of law, no court shall have jurisdiction to review—(I) any judgment regarding the granting of relief under section ... 1229c....

**2.** Section 1229c(f) provides that:

No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure under subsection (b) of this section, nor shall any court order a stay of an alien's removal pending consideration of any claim with respect to voluntary departure.

**3.** Section 1229c(b)(1)(A) provides in relevant part:
(b) At conclusion of proceedings
(1) In general
The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense if, at the conclusion of a proceeding under section 1229a of this title, the immigration judge enters an order granting voluntary departure in lieu of removal and finds that—
(A) the alien has been physically present in the United States for a period of at least one year immediately preceding the date the notice to appear was served under section 1229(a) of this title; ...

*would* have been eligible for *pre*-hearing voluntary departure no matter how short his time here, he argues that § 1229c(b)(1)(A) violates due process by penalizing him for having a hearing.

▆ Voluntary departure is a form of discretionary relief. It is a privilege created by Congress. 8 U.S.C. § 1229c(b)(1). We have held that aliens have no fundamental right to discretionary relief from removal for purposes of due process and equal protection. *Munoz v. Ashcroft,* 339 F.3d 950, 954 (9th Cir.2003). Because there is no constitutionally protected liberty interest in the discretionary privilege of voluntary departure, the due process claim fails. *Id.* The Second Circuit has come to the same conclusion. *Cervantes–Ascencio v. INS,* 326 F.3d 83, 86–87 (2d Cir.2003).

B. Equal protection

▆ Petitioner's counsel frames the equal protection claim as follows: "Petitioner believes that he was denied equal protection because aliens with less than one year physical presence in the United States are not eligible for post-conclusion voluntary departure and similarly situated aliens with more than one year in the United States are eligible for this very same relief."

▆ To establish an equal protection violation, petitioner must demonstrate that § 1229c(b)(1)(A)'s one-year physical presence requirement is "wholly irrational." *Taniguchi v. Schultz,* 303 F.3d 950, 957 (9th Cir.2002)."Line-drawing decisions made by Congress or the President in the context of immigration and naturalization must be upheld if they are rationally related to a legitimate government purpose." *Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, (9th Cir.2002) (internal quotation marks omitted). Petitioner must disprove "every conceivable basis which might support a legislative classification, whether or not the basis has a foundation in the rec-

ord." *Id.* (internal quotation marks omitted). As we stated in *Shaar v. INS,* "[t]hat some people under somewhat similar circumstances might manage to remain long enough to accrue some benefit or other does not show that the [petitioner's] constitutional rights have been violated." 141 F.3d 953, 958 (9th Cir.1998).

Petitioner has not shown that the one-year requirement is wholly irrational. The government points out that voluntary departure is intended, in part, to allow an alien faced with removal to have a reasonable period of time before departing to make arrangements for any interests he or she may have in the United States. According to the government,"Congress presumably determined that those aliens with at least a year's presence had accumulated sufficient interests to warrant time to settle their affairs in this country." Because the government has come forward with a rational reason for the one-year rule, the statute is not wholly irrational. *Cf. Shaar,* 141 F.3d at 958 (holding that the statute barring suspension of deportation for aliens who agree to voluntarily depart does not violate due process or equal protection); *Hernandez–Rivera v. INS,* 630 F.2d 1352, 1356 (9th Cir.1980) (holding that minor children who are United States citizens are not denied equal protection because they cannot petition for their parents' admission even though persons over 21 may petition for their parents' admission); *Rubio De Cachu v. INS,* 568 F.2d 625, 627 (9th Cir. 1977) (holding that the same provision does not violate due process or equal protection).

**PETITION FOR REVIEW DENIED.**