Mezbahur Rahman KHAN, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–70906.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 13, 2004.

Before: SCHROEDER, Chief Judge,
RAWLINSON and CALLAHAN, Circuit
Judges.

MEMORANDUM **

Mezbahur Rahman Khan, a native and
citizen of Bangladesh, petitions for review
of the Board of Immigration Appeals'
("BIA") summary affirmance of an Immi-
gration Judge's ("IJ") order denying his
application for asylum, withholding of re-
moval and voluntary departure. Pursuant
to 8 U.S.C. § 1252, we have jurisdiction to
review the denial of asylum and withhold-
ing of removal.

We conclude that substantial evidence
supports the IJ's determination that Khan
failed to carry his burden of demonstrating
either past persecution or a well founded
fear of future persecution on account of his
political activities on behalf of the Bangla-
desh National Party. *See Kataria v. INS,*
232 F.3d 1107, 1112 (9th Cir.2000) ("To
prevail [on a petition for review], the appli-
cant must show that the evidence not only
supports, but compels the conclusion that
the asylum decision was incorrect.").

By failing to qualify for asylum, Khan
necessarily fails to satisfy the more strin-
gent standard for withholding of removal.
*See Alvarez–Santos v. INS,* 332 F.3d 1245,
1255 (9th Cir.2003).

Khan also contends that the BIA violat-
ed his rights to due process by affirming
the decision of the IJ without opinion.
This contention is foreclosed by *Falcon
Carriche v. Ashcroft,* 350 F.3d 845, 848
(9th Cir.2003) (holding that the BIA's
streamlining procedure does not violate
the Due Process Clause).

As well, Khan challenges the IJ's denial
of voluntary departure. We lack jurisdic-
tion, however, to review denials of volun-
tary departure, including statutory eligibil-
ity for voluntary departure. *See Tovar–
Landin v. Ashcroft,* 361 F.3d 1164, 1166
(9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

1.  Appellant's motion to strike the appellee's
    supplemental excerpts of record is denied.
    *See* 9th Cir. R. 30–1.6.

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.