Samuel **MORALES–CONDE**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–74234.

Agency No. A91–553–387.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

Jan Joseph Bejar, Esq., San Diego, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, M. Jocelyn Wright, Esq., Victor M. Lawrence, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Samuel Morales–Conde, a native and citizen of Mexico, petitions for review of the

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review constitutional claims in immigration proceeding de novo. *Tovar–Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir. 2004). We deny in part and grant in part the petition for review.

Morales' due process and regulatory challenges to the BIA's streamlining of his case are foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852, 855 (9th Cir. 2003).

Morales' contention that the IJ was biased against him is not supported by the record. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir.2003).

Morales' equitable estoppel claim fails because he did not submit any evidence to indicate that the government engaged in affirmative misconduct when it denied his Special Agricultural Worker's application. *See Socop–Gonzalez v. INS*, 272 F.3d 1176, 1184 (9th Cir.2001) (en banc) (equitable estoppel applies only if the government engages in "affirmative misconduct" which is defined "to mean a deliberate lie or a pattern of false promises").

By referring repeatedly to a requirement of unconscionability, the IJ applied an incorrect standard of "exceptional and extremely unusual hardship." *See In re Monreal–Aguinaga*, 23 I. & N. Dec. 56 (BIA 2001) (en banc) ("we do not find that an 'unconscionable' standard is an appropriate one to apply in evaluating a respondent's eligibility for cancellation of removal"). Accordingly, we remand this case to

the agency to consider under the appropriate legal standard whether Morales is eligible for cancellation of removal.

PETITION FOR REVIEW DENIED in part, GRANTED in part, and RE-MANDED.