Jose Luis ARTERO–TOVAR,
Petitioner,

v.

Alberto GONZALES,* Attorney
General, Respondent.

No. 03–73572.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 22, 2005.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**800**

Jose Luis Artero–Tovar, Los Angeles, CA, pro se.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., Christopher C. Fuller, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

### MEMORANDUM ***

Jose Luis Artero–Tovar, a native and citizen of El Salvador, petitions pro se for review of an order of the Board of Immigration Appeals ("Board") affirming without opinion an immigration judge's denial of his applications for cancellation of removal under Section 203 of the Nicaraguan Adjustment and Central American Relief Act, and for voluntary departure. We vacate and remand in part, and dismiss in part the petition for review.

The immigration judge denied his application for cancellation of removal on three

*** This disposition is not appropriate for publication and may not be cited to or by the

independent grounds: (1) that Artero–Tovar is statutorily ineligible because he failed to establish seven years of continuous physical presence; (2) that Artero–Tovar is statutorily ineligible because his presumption of extreme hardship was overcome by evidence in the record; and (3) that even if Artero–Tovar were eligible, he is not entitled to a discretionary grant of relief. The Board affirmed without opinion.

We have jurisdiction to review whether an alien has met the continuous physical presence requirement, *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 853 (9th Cir.2003), but we do not have jurisdiction to review whether an alien has satisfied the hardship requirement, which rests in the discretion of the agency. 8 U.S.C. § 1252(a)(2)(B); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003). We also lack jurisdiction to review the ultimate discretionary decision to deny cancellation of removal. 8 U.S.C. § 1252(a)(2)(B); *Romero–Torres*, 327 F.3d at 890.

Because the Board affirmed without opinion, we have no way of knowing on which ground or grounds the Board affirmed, and in turn whether we have jurisdiction to review the Board's decision. *Lanza v. Ashcroft*, 389 F.3d 917, 932 (9th Cir.2004). Accordingly, we vacate the Board's decision as to the application for cancellation of removal and remand with instructions to clarify the grounds for its affirmance. *Id.*

We lack jurisdiction to review the denial of Artero–Tovar's application for voluntary departure, and therefore dismiss this portion of the petition. 8 U.S.C. § 1252(a)(2)(B); *Tovar–Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir.2004).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

PETITION FOR REVIEW DISMISSED in part; VACATED and REMANDED in part.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.