

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2005

# Sugianto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3154

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Sugianto v. Atty Gen USA" (2005). *2005 Decisions.* Paper 886.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/886

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3154

AGUS SUGIANTO,

Petitioner

v.

ALBERTO GONZALES, ATTORNEY GENERAL*,
IMMIGRATION AND NATURALIZATION SERVICE,

Respondant

*Caption amended pursuant to Rule 43(c), Fed. R. App. P.

On Petition for Review from an Order of the
Board of Immigration Appeals
(Agency No. A95-363-804)

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2005

BEFORE: FUENTES, GREENBERG and COWEN, Circuit Judges

(Filed    July 7, 2005        )

OPINION

COWEN, Circuit Judge.

Agus Sugianto, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals (the "BIA") denying his application for asylum, withholding of removal, protection under the Convention Against Torture and voluntary departure. He asserts that the immigration judge (the "IJ") erred: (1) in finding that he was statutorily ineligible for voluntary departure and (2) in concluding that he had not established a well-founded fear of future persecution in Indonesia. Our jurisdiction to review the Board's order is controlled by section 242(a)(1) of the Immigration and Nationality Act (the "INA") (now, the Illegal Immigration Reform and Immigrant Responsibility Act (the "IIRIRA")), 8 U.S.C. § 1252(a)(1). We have jurisdiction to consider the well-founded fear of future persecution argument and will deny the petition on that ground. We lack jurisdiction to consider the voluntary departure claim.

As we write solely for the parties, we only provide a brief recitation of the facts. According to Sugianto's testimony, he was persecuted in Indonesia based on his Chinese ethnicity and Roman-Catholic religion. Specifically, he recalled occasions when his classmates fought with him, money was extorted from him while he owned a furniture business, he was assaulted by demonstrators while driving his car, and people attempted to prevent him from going to church. He also explained that he currently has two wives, the first one is Catholic and the second Muslim, who both reside in Indonesia.

The Immigration and Naturalization Service (the "INS") (now, the Bureau of Immigration and Customs Enforcement ("BICE"), began removal proceedings in February 2000, based on Sugianto's illegal overstay of his non-immigrant visa. Before admitting the charges and conceding removability, Sugianto filed an asylum application with the Asylum Office, which was denied. The application was renewed before the immigration court. Specifically, Sugianto sought relief in the form of asylum, withholding of removal, protection under Convention against Torture and voluntary departure. The IJ denied his application for relief and ordered Sugianto removed. The BIA summarily affirmed and this petition for review ensued.

We review the BIA's decision that an alien has not established a well-founded fear of future persecution to determine whether it is supported by substantial evidence. *See Xie v. Ashcroft*, 359 F.3d 239, 246 (3d Cir. 2004). Where the BIA has adopted the IJ's decision without opinion, we review the IJ's decision under the same standard. *See Tarrawally v. Ashcroft*, 338 F.3d 180, 184 (3d Cir. 2003). The substantial evidence standard requires us to grant a petition only if the evidence in the record is so strong that it compels a contrary result. *See Ahmed v. Ashcroft*, 341 F.3d 214, 216 (3d Cir. 2003).

The Secretary of Homeland Security or the Attorney General has discretion to grant asylum to any applicant who he determines is a refugee. 8 U.S.C. § 1158(b). A refugee is defined in the INA as a person unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race,

3

religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. § 1101(a)(42)(A). The alien bears the burden of proving eligibility for asylum. 8 C.F.R. § 208.13(a).

After reviewing the record, we find that the IJ's conclusion that Sugianto has failed to prove past persecution or a well-founded fear of future persecution is supported by substantial evidence. Persecution has been defined narrowly to denote extreme conduct, including "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993). The definition "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Id.* (citing *Matter of Acosta*, 19 I.&N. Dec 211, 229 (BIA 1985) ("If persecution were defined . . . expansively, a significant percentage of the world's population would qualify for asylum in this country—and it seems most unlikely that Congress intended such a result.").

Sugianto has presented evidence of many unfortunate occurrences allegedly based on his ethnicity and religion to support his claim of past persecution: (1) verbal harassment for money; (2) fist fights with classmates; (3) extortion of money from his furniture business; (4) an encounter with demonstrators where he was assaulted and his car was vandalized; and (5) a few incidences of harassment when unidentified individuals tried to prevent him from attending church. The IJ found that Sugianto was basically credible, despite some discrepancies in his testimony as compared to his

4

affidavit. However, the IJ denied his applications because Sugianto had "not provided the Court a scintilla of evidence that he has ever been persecuted in Indonesia." (App. at 10.) The IJ found that these past experiences do not individually or in the aggregate rise to the level of persecution. Rather, the IJ explained, Sugianto was the victim of common childhood behavior, extortion carried out by common criminals or gangsters, and widespread riots and demonstrations. The IJ's analysis was reasonable in light of the evidence presented. There was no evidence that Sugianto was ever physically injured or detained for any period of time. Further, Sugianto has not demonstrated that any of the incidences occurred on account of a protected ground.

Similarly, the IJ's conclusion that Sugianto has not established a well-founded fear of persecution is supported by the record. The test for determining whether an alien has a well-founded fear of future persecution is both subjective and objective—an alien must demonstrate that he "has a genuine fear, and that a reasonable person in [his] circumstances would fear persecution if returned to [his] native country." *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). Here, Sugianto has not presented evidence that his fear of future persecution is objectively reasonable. Other than the isolated unfortunate experiences which did not rise to the level of persecution, Sugianto generally lived an undisturbed life in Indonesia. He was a successful businessman who was married to a Muslim woman and was able to attend church. Accordingly, the record

5

supports the IJ's determination that Sugianto's fears of future persecution were not well-founded.

With respect to Sugianto's argument that the IJ erroneously denied his request for voluntary departure, after finding that he lacked good moral character and was inadmissable to the United States because he was a polygamist, we lack jurisdiction to consider his claim.

Congress divested this court of jurisdiction over challenges to the decision of the BIA or IJ to deny voluntary departure. The INA specifically provides that "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure." 8 U.S.C. § 1229c(f). Similarly, the general judicial review provision precludes review of orders denying voluntary departure: "Notwithstanding any other provision of law . . . no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229c." 8 U.S.C. § 1252(a)(2)(B)(i).

While we recognize that we may retain jurisdiction to consider constitutional claims arising from discretionary denials of voluntary departure, Sugianto has not raised any such claims. *See contra Tovar-Landin v. Ashcroft*, 361 F.3d 1164 (9th Cir. 2004) (holding that the Court has jurisdiction to consider petitioner's due process and equal protection claims relating to his request for voluntary departure.) Sugianto contends that the decision to classify petitioner as one not possessing good moral character violates due process. However, as the Government correctly argues, the IJ based its denial on two

6

different grounds. The IJ concluded that because Sugianto "is inadmissable to the United States, he does not qualify for voluntary departure. Likewise the Court would also find that a practitioner of polygamy is not a person of good moral character, and that would be another basis for him to be ineligible for voluntary departure." (App. at 4.) Even if we agreed that the classification of polygamists is subject to review because it implicates the due process clause, we would nonetheless be precluded from reviewing the IJ's decision to deny voluntary departure on the ground that the IJ found that Sugianto is inadmissable to the United States under 8 U.S.C. § 1182(a)(10), for the practice of polygamy.

Further, Sugianto's due process argument fails because there is no constitutionally protected liberty interest in the discretionary privilege of voluntary departure. As the Ninth Circuit explained, "aliens have no fundamental right to discretionary relief from removal for purposes of due process." *Tovar-Landin,* 361 F.3d at 1167.

For the foregoing reasons, the petition for review will be denied.