Alejandro Serrano **MONCADA,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–75418.

Agency No. A96–163–253.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 14, 2005.

Francisco J. Barba, Esq., San Jose, CA,

* This panel unanimously finds this case suit-

for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Alejandro Serrano Moncada petitions for review of the Board of Immigration Appeals' ("BIA") September 27, 2004, order affirming an immigration judge's denial of his application for cancellation of removal. We dismiss the petition in part and deny it in part.

We lack jurisdiction to consider the bulk of Serrano Moncada's contentions because they pertain solely to the BIA's denial of his subsequently-filed motion to reopen, for which he has not filed a separate petition for review. 8 U.S.C. § 1252(b)(1); *Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996). Serrano Moncada's petition is therefore dismissed to the extent it seeks review of the denial of the motion to reopen.

Serrano Moncada's sole remaining contention is that 8 U.S.C. § 1182(a)(9)(B)(i), which will render him inadmissible, violates equal protection because it renders inadmissible a disproportionate number of Hispanic aliens, who, Serrano Moncada claims, illegally enter and remain in the United States more than aliens of any

other race. We have jurisdiction to address that claim pursuant to 8 U.S.C. § 1252(a)(2)(D). However, Serrano Moncada's claim fails because he has not proven that § 1182(a)(9)(B)(i) is "wholly irrational." *See Tovar–Landin v. Ashcroft,* 361 F.3d 1164, 1167 (9th Cir.2004).

PETITION DISMISSED IN PART, DENIED IN PART.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

