**Hui Zhong ZHU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71129.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2006.*

Decided Feb. 16, 2006.

David P. McCauley, Esq., Honolulu, HI, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., John J. Andre, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Hui Zhong Zhu petitions for review of an order of removal and the denial of his applications for asylum, withholding of removal, and voluntary departure. Because the BIA affirmed without opinion, we review the immigration judge's decision as if it were the BIA's. *Hoque v. Ashcroft,* 367 F.3d 1190, 1194 (9th Cir.2004). The IJ's asylum eligibility determination, including her adverse credibility finding, is reviewed under the substantial evidence standard. *Id.; see also* 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). We conclude that the IJ's adverse credibility determination is supported by substantial evidence, and that we lack jurisdiction to review the denial of a request for volun-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tary departure. Thus, we dismiss in part and deny in part Zhu's petition for review.

■ In finding that Zhu was not credible, the IJ relied on several factors that are supported by the record. Most importantly, the IJ found Zhu's testimony to be inherently unreliable because of the "egregiousness" of his admitted fraud. She specifically noted that Zhu had engaged in fraud on two separate occasions, under oath, before INS officers. *Cf. Sarvia–Quintanilla v. INS,* 767 F.2d 1387, 1393 (9th Cir.1985) (substantial evidence supported the IJ's credibility finding where the petitioner admitted, *inter alia,* "that he had lied under oath to U.S. immigration officials so that he would not be deported to El Salvador"). Zhu's prior immigration frauds, together with the other evidence cited by the IJ, are sufficient to support an adverse credibility finding.

The application for withholding of removal was properly denied in light of the IJ's asylum eligibility determination.

■ Zhu's challenge to the denial of his request for voluntary departure is also unavailing, because "we lack jurisdiction to review denials of voluntary departure." *Tovar–Landin v. Ashcroft,* 361 F.3d 1164, 1166 (9th Cir.2004). We therefore dismiss this claim for lack of jurisdiction.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**