**Alicio OCAMPO CHAVEZ; Adriana Lopez Hernandez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75651.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Elsa I. Martinez, Esq., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., Esq., Jennifer Paisner, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

### MEMORANDUM **

Alicio Ocampo Chavez and Adriana Lopez Hernandez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying their application for cancellation of removal and denying a continuance. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review constitutional claims de novo. *Tovar–Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider the petitioners' challenge to the agency's discretionary determination that they failed to establish exceptional or extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir.2005). Moreover, to the extent the challenge is framed in constitutional terms, it fails because it is not colorable. *See Martinez–Rosas*, 424 F.3d at 930.

The IJ did not abuse his discretion in denying the petitioners' request for a continuance, where counsel waited until the day of the hearing to move for a continuance and the petitioners had already submitted evidence in support of their cancellation of removal applications. *See Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir.1996) (explaining that the denial of a continuance will not be overturned except on a showing of clear abuse). It follows that the IJ did not violate the petitioners' due process rights in denying a continuance. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (explaining where

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

there is no error, there is no due process violation).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**