**Enriqueta CRUZ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74349.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 18, 2006.

Enriqueta Cruz, Stanton, CA, pro se.

Nathalie Guerra Cruz, Garden Grove, CA, pro se.

Arely Yazmin Guerra Cruz, Garden Grove, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Kurt B. Larson, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Enriqueta Cruz, and her children, Nathalie Guerra Cruz and Arely Yazmin Guerra Cruz, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reconsider the dismissal of their appeal from an immigration judge's ("IJ") order denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo constitutional challenges, *Tovar–Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir.2004), and review for abuse of discretion the denial of a motion to reconsider, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004). We deny in part and dismiss in part the petition for review.

Petitioners' equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") is foreclosed by *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002) (rejecting equal protection challenge to NACARA's favorable treatment of aliens from some countries, over those from other countries, including Mexico).

The BIA acted within its discretion in denying Petitioners' motion to reconsider because the motion failed to set forth any error of fact or law in its decision affirming the IJ's order denying cancellation of removal on the ground that Petitioners have

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

no qualifying relatives. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

Because the instant petition for review is not timely as to the BIA's underlying order issued on June 3, 2004, we lack jurisdiction to consider Petitioners' challenge to that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.