NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50429 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:10-cr-00102-H-1 |
| MARIO BARRAGAN-CAMARILLO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted November 8, 2011[**]
Pasadena, California

Before: FERNANDEZ, MOORE,[***] and McKEOWN, Circuit Judges.

Plaintiff Mario Barragan-Camarillo, a Mexican citizen, appeals his conviction

pursuant to 8 U.S.C. § 1326 for illegal reentry following removal. Barragan-

Camarillo contends that the expedited removal process that resulted in the underlying

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Karen Nelson Moore, Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

removal order violated the Due Process Clause of the Fifth Amendment and thus could not form the basis for the subsequent § 1326 prosecution. We affirm the judgment of conviction.

This case is largely governed by our recent decision in *United States v. Barajas-Alvarado*, 655 F.3d 1077 (9th Cir. 2011). *Barajas-Alvarado* held that due process requires that an alien prosecuted under § 1326 have an opportunity for "*some meaningful review*" of the predicate expedited removal order if he alleges that the proceedings were "fundamentally unfair." *Id.* at 1087-88; *see also United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987). A proceeding is fundamentally unfair if it "'violated the alien's due process rights and the alien suffered prejudice as a result.'" *Barajas-Alvarado*, 655 F.3d at 1087 (quoting *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010)).[1]

Barragan-Camarillo contends that expedited removal violates due process because it does not provide for notice of the right to obtain counsel or of the availability of alternatives to removal such as withdrawal of an application for admission or voluntary departure. He argues that he does not need to show prejudice

---

[1] Barragan-Camarillo correctly argues that, because he was detained within the United States rather than at the border, he is entitled to greater due-process rights than an arriving alien like Barajas-Alvarado. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). As described below, Barragan-Camarillo has nonetheless failed to show prejudice resulting from any asserted violations of these rights.

2

because these violations are inherently prejudicial, or, alternatively, that he would have sought relief from removal if properly informed of his ability to do so.[2]

This court lacks jurisdiction to hear Barragan-Camarillo's argument that an expedited removal can never constitutionally serve as the predicate for a § 1326 prosecution; pursuant to *Barajas-Alvarado*, "we cannot address . . . general attacks on the expedited removal process." *Id.* at 1086 n.10. Instead, such systemic constitutional challenges to the expedited removal statute or its implementing regulations are governed by 8 U.S.C. § 1252(e)(3) and may be brought in limited circumstances in the United States District Court for the District of Columbia. *See Barajas-Alvarado*, 655 F.3d at 1086 n.10.

To the extent that Barragan-Camarillo brings an as-applied challenge to his own expedited removal order, his claim fails because, even if he could show that his due-process rights were violated, he has not shown any resulting prejudice. A due-process violation is prejudicial if, absent that violation, the alien would have had "plausible grounds" for relief from removal. *Id.* at 1089.

Although Barragan-Camarillo argues in his appellate brief that he does not need to show prejudice, he did not raise this argument before the district court. Under these

---

[2]Barragan-Camarillo also argues that the lack of meaningful review of the removal order within the expedited removal process violates due process. However, such review is provided in any subsequent § 1326 prosecution. *See United States v. Proa-Tovar*, 975 F.2d 592, 595 (9th Cir. 1992) (en banc).

circumstances, we review that court's requirement of prejudice for plain error. We have frequently held that an alien seeking collaterally to attack a removal order must show prejudice from an alleged due-process violation, *e.g.*, *id.* at 1088-89; *United States v. Garcia-Martinez*, 228 F.3d 956, 963-64 & n.10 (9th Cir. 2000), yet we have never determined whether denial of access to counsel in removal proceedings is inherently prejudicial, *see, e.g.*, *Mendoza-Mazariegos v. Mukasey*, 509 F.3d 1074, 1084-85 (9th Cir. 2007). Without deciding whether requiring Barragan-Camarillo to show prejudice was error, we conclude that it was certainly not *plain* error. *See United States v. Jordan*, 256 F.3d 922, 929 (9th Cir. 2001).

The immigration officer's failure to inform Barragan-Camarillo of the options of withdrawal of an application for admission or voluntary departure was not prejudicial because both forms of relief are discretionary, *see Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1167 (9th Cir. 2004); 8 C.F.R. § 235.4, and Barragan-Camarillo has not made a "'plausible showing that the facts presented would cause the Attorney General to exercise discretion in his favor,'" *Barajas-Alvarado*, 655 F.3d at 1089 (quoting *United States v. Arce-Hernandez*, 163 F.3d 559, 563 (9th Cir. 1998)) (internal quotation marks omitted). Barragan-Camarillo was detained by immigration officers only two days after returning to Mexico following a previous finding that he was removable; he admitted that he had entered the country illegally; and he was

4

thirty years old and not in poor health—all facts that cut against a grant of withdrawal of an application for admission. *Id.* at 1090. These facts also make unlikely a grant of voluntary departure, which is based on a weighing of favorable and unfavorable factors. *See Campos-Granillo v. INS*, 12 F.3d 849, 852 (9th Cir. 1993). Moreover, the major benefit for the government of granting voluntary departure—not having to bear the costs of hearings and removal—would not be present here, because Barragan-Camarillo was subject to expedited removal and thus would not have received a hearing, and because he was detained only seven miles from the Mexican border.

Barragan-Camarillo does not explain how notice of the right to obtain counsel would plausibly have resulted in relief from removal. Because he also faced criminal charges for illegal entry, Barragan-Camarillo received a *Miranda* warning shortly after arriving at the Border Patrol station. He waived the right to counsel and admitted to the immigration officer the very facts that would support removal. Later that day, Barragan-Camarillo again admitted those facts in a criminal proceeding when actually represented by counsel. If Barragan-Camarillo made admissions in both of these situations, nothing suggests that he would not have done so at the immigration interview had he been told at that point of a right to obtain counsel.[3]

_____

[3]If Barragan-Camarillo's argument is instead that counsel would have advised him of the options of voluntary departure or withdrawal of an application for admission, such an argument would likewise fail for the reasons explained above.

For the above reasons, we affirm the district court's judgment of conviction.

AFFIRMED.