**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURINDER SINGH, a.k.a. Parmjit Singh Sadhara, a.k.a. Barjinder S. Virk, | No. 09-73824 |
| Petitioner, | Agency No. A093-172-927 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2011**

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

Surinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  Our jurisdiction is

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review de novo questions of law. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Singh filed his asylum application within a reasonable period of time following the expiration of his lawful nonimmigrant status, *see id.* at 1181-82; *Dhital v. Mukasey*, 532 F.3d 1044, 1050 (9th Cir. 2008) (per curiam), or that his untimely asylum application is otherwise excused by extraordinary circumstances, *see* 8 C.F.R. § 1208.4(a)(5); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091 (9th Cir. 2010) (per curiam). Accordingly, Singh's asylum claim fails.

Substantial evidence supports the agency's adverse credibility determination based on Singh's prior false applications and the inconsistencies between Singh's and his wife's testimonies regarding when his wife was arrested and her role in the Sikh Student Federation. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999); *Kin v. Holder*, 595 F.3d 1050, 1057-58 (9th Cir. 2010); *Dhital*, 532 F.3d at

1050-51. In the absence of credible testimony, Singh's withholding of removal claim fails. *See Shrestha*, 590 F.3d at 1048.

Because Singh's CAT claim is based on the same testimony the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured if returned to India, his CAT claim also fails. *See id*. at 1048-49.

We reject Singh's contention that the IJ was biased or prejudged his application because he has not shown that any alleged bias prejudiced his case. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006). Singh has also not shown any prejudice from the "indiscernible" notations in the transcript. *See Lata v. INS*, , 204 F.3d 1241, 1246 (9th Cir. 2000).

Finally, we lack jurisdiction to review Singh's claim that he should be granted voluntary departure. *See Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**