**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINO IXPATA-BOLVITO | No. 08-71207 |
| Petitioner, | Agency No. A070-957-263 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:      LEAVY, PAEZ, and BEA, Circuit Judges.

Lino Ixpata-Bolvito, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo due process claims, *Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the BIA's finding that Ixpata-Bolvito failed to demonstrate that the guerrillas' threats rose to the level of persecution or that the gang members threatened him on account of a protected ground. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (a threat, standing alone, can be past persecution only if it is "so menacing as to cause significant actual suffering or harm.") (internal quotations omitted); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Substantial evidence also supports the BIA's finding that Ixpata-Bolvito failed to establish a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). We decline to consider Ixpata-Bolvito's contention that he will be persecuted as an indigenous person because, as the BIA found, Ixpata-Bolvito failed to raise this claim before the IJ. *See Farhoud v. INS*, 122 F.3d 794, 797 (9th Cir. 1997) (declining to address issues that were not raised before the proper administrative body). Accordingly, Ixpata-Bolvito's asylum claim fails.

Because Ixpata-Bolvito failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the BIA's denial of CAT relief because Ixpata-Bolvito failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject Ixpata-Bolvito's contention that the BIA erred in not remanding his voluntary departure claim, where he did not request it at his final hearing and did not submit any evidence which would qualify him for voluntary departure. *See* 8 U.S.C. § 1229c(b).

**PETITION FOR REVIEW DENIED.**