**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| NORMA YAMILETT ORANTES-BARRERA,<br><br>          Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 08-70322<br><br>Agency No. A097-762-530<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 13, 2012
Pasadena, California

Before: GILMAN,[**] TALLMAN, and N.R. SMITH, Circuit Judges.

Norma Yamillett Orantes-Barrera, a native and citizen of El Salvador,

petitions for review of a decision of the Board of Immigration Appeals (BIA)

affirming an immigration judge's (IJ) denial of her applications for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ronald Lee Gilman, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), we deny the petition for review.

1.     Contrary to Orantes-Barrera's contentions, the IJ made an explicit adverse credibility finding. *See de Leon-Barrios v. INS*, 116 F.3d 391, 394 (9th Cir. 1997) (stating that although an adverse credibility finding does not require the recitation of unique or particular words, it must be explicit). Here, the IJ stated that he believed Orantes-Barrera with regard to the fact that there are gangs prevalent in El Salvador but "[could ]not find . . . credible" "the other aspects where she attempts to elevate or lift her claim to a protected basis, and on account of a protected ground."

2.     Substantial evidence supports the IJ's adverse credibility finding. *See Shrestha*, 590 F.3d at 1039. The IJ based the adverse credibility finding in part on Orantes-Barrera's demeanor. The IJ noted Orantes-Barrera's "long pauses between many salient pieces of testimony are indicia of lack of candor to this court." The IJ distinguished Orantes-Barrera's difficulties due to her emotions from her demeanor in being asked difficult questions. *See Kin v. Holder*, 595 F.3d 1050, 1056 (9th Cir. 2010) (concluding that the demeanor finding was insufficient

2

where the IJ failed to provide specific examples of how petitioner's demeanor supported the adverse credibility determination). Because the record does not compel the conclusion that Orantes-Barrera's testimony was credible, Orantes-Barrera has not established eligibility for asylum, withholding of removal, or relief under the CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003). Further, Orantes-Barrera failed to establish a nexus to a protected ground. *See Sangha v. INS*, 103 F.3d 1482, 1489 (9th Cir. 1997) (a petitioner cannot establish a nexus to a protected ground by inference unless the inference is clear).

3.     Orantes-Barrera argues that the BIA erred in affirming the IJ's holding that she was ineligible to apply for adjustment of status. We disagree. Orantes-Barrera did not have an immediately available visa. The visa available in 1998 was properly purged. *See* 8 U.S.C. § 1153(g) (2003). Because Orantes-Barrera did not have an immediately available visa, she did not have a liberty interest in discretionary relief from removal. *See Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1167 (9th Cir. 2004).

PETITION FOR REVIEW DENIED.