**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMON CARDOZA PACHECO, AKA Ramon Pacheco, AKA Ramon Pacheco Cardoza, AKA Ramon Pacheco-Cardoza<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 11-70800<br><br>Agency No. A094-811-501<br><br>MEMORANDUM[*] |
| RAMON CARDOZA PACHECO, AKA Ramon Pacheco-Cardoza<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-73280<br><br>Agency No. A094-811-501 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 12, 2016[**]
San Francisco, California

Before: D.W. NELSON, O'SCANNLAIN, and TROTT, Circuit Judges.

Ramon Pacheco-Cardoza (Pacheco) petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal after his request for voluntary departure was denied. He also petitions for review of the BIA's denial of his motion to reopen his removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petitions.

1. The BIA properly found that the Immigration Judge (IJ) needed the Department of Homeland Security's (DHS) stipulation to grant Pacheco's request for voluntary departure. Pacheco requested voluntary departure during a hearing held on March 30, 2009. The record indicates that this hearing was a merits hearing. Because the March 30, 2009 hearing was held more than thirty days after the last master calendar hearing, the BIA did not err in finding that the IJ needed DHS's stipulation to grant voluntary departure. *See* 8 C.F.R. §§ 1240.26(b)(1)(ii), (b)(2).

2. Pacheco cannot raise a successful due process challenge regarding voluntary departure. *See Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1167 (9th Cir.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2004) ("Voluntary departure is a form of discretionary relief. . . . We have held that aliens have no fundamental right to discretionary relief from removal for purposes of due process . . . . Because there is no constitutionally protected liberty interest in the discretionary privilege of voluntary departure, the due process claim fails." (citations omitted)). Nor can the BIA declare a regulation invalid. *See Espinoza-Gutierrez v. Smith*, 94 F.3d 1270, 1273 (9th Cir. 1996) ("The BIA simply has no authority to invalidate a regulation that it is bound to follow."). Remand to the BIA to address Pacheco's due process challenge regarding voluntary departure, therefore, is unnecessary.

3. The BIA did not err in denying Pacheco's motion to reopen. A motion to reopen must be filed within ninety days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). The doctrine of equitable tolling may apply "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Luna v. Holder*, 659 F.3d 753, 759 (9th Cir. 2011) (internal quotation marks omitted).

As the basis for his motion to reopen, Pacheco cites the San Mateo County Superior Court's reduction of his felony convictions to misdemeanors. Although Pacheco's convictions were not reduced to misdemeanors until a few years after

3

the BIA issued its order denying relief, Pacheco has not explained what happened between December 4, 2013, when the San Mateo County Superior Court reduced his convictions to misdemeanors, and July 15, 2014, when he filed his motion to reopen his case. We, therefore, are unable to assess what, if any, circumstances justified Pacheco filing the motion to reopen approximately seven months after the reduction in convictions, and whether he exercised due diligence. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) ("Our review of petitioner's diligence must be fact-intensive and case-specific, assessing the reasonableness of petitioner's actions in the context of his or her particular circumstances."). Thus, Pacheco has not demonstrated that equitable tolling applies. Because he also did not give an explanation to the BIA, any error the BIA may have made in not addressing equitable tolling was harmless. *See Kazarian v. U.S. Citizenship & Immigration Servs.*, 596 F.3d 1115, 1118–19 (9th Cir. 2010).[1]

**PETITIONS DENIED.**

---

[1] Pacheco also argues that he qualifies for cancellation of removal relief. Because the BIA did not err in declining to reopen his case, we do not reach this argument.