**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAKHVIR SINGH,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-71592<br><br>Agency No. A097-583-646<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 15, 2016
San Francisco, California

Before: W. FLETCHER, RAWLINSON, and HURWITZ, Circuit Judges.

Lakhvir Singh (Singh), a native and citizen of India, petitions for review of

the Board of Immigration Appeals' (BIA) dismissal of his appeal of an

Immigration Judge's (IJ) denial of asylum, withholding of removal, relief under the

Convention Against Torture (CAT), and voluntary departure.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The adverse credibility determination made by the IJ was supported by substantial evidence. *See Singh v. Lynch*, 802 F.3d 972, 974-95 (9th Cir. 2015) (articulating standard). Although Singh testified that Dr. Mann treated him and his brother, he failed to provide evidence that Dr. Mann even existed. Singh had sufficient warning that the existence of Dr. Mann was a critical issue, given the investigative report concluding that "no Mann Clinic exist[s] at the given address."

On remand to the IJ, the author of the investigative report testified by telephone. Yet, Singh failed to produce any document signed by Dr. Mann. His only proffered evidence was a photograph that did not even show the face of the person represented by Singh's father to be Dr. Mann. The question of Dr. Mann's existence went to the heart of Singh's claim and supported the adverse credibility determination. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004).

Singh waived any challenge to the BIA's denial of his claims for withholding of removal and CAT relief "by failing to argue [them] in his brief." *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079 (9th Cir. 2013) (citation omitted).

"By virtue of 8 U.S.C. §§ 1252(a)(2)(B)(i)(2004) and 1229c(f), we lack jurisdiction to review denials of voluntary departure, including statutory eligibility for voluntary departure." *Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir. 2004) (citation and footnote references omitted).

**PETITION DISMISSED IN PART AND DENIED IN PART.**