NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CECILIO CONSTANCIO-MORALES,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2163

Agency No.
A076-721-168

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2025[**]
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HURWITZ and COLLINS, Circuit Judges.

Cecilio Constancio-Morales, a citizen of Mexico, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") upholding an order of an

Immigration Judge ("IJ") denying his application for cancellation of removal. We

have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. *See Wilkinson v. Garland*, 601 U.S. 209, 217 (2024) ("[T]he application of the exceptional and extremely unusual hardship standard to a given set of facts is reviewable as a question of law under § 1252(a)(2)(D)."). We deny the petition.

1. The BIA affirmed the denial of Constancio-Morales's claim for cancellation of removal because Constancio-Morales failed to demonstrate that his eight U.S. citizen children would experience "exceptional and extremely unusual hardship" upon his removal. *See* 8 U.S.C. § 1229b(b). We review the agency's hardship determination for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). Under that standard, the agency's determination is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 1002 (citation omitted). However, "the IJ's finding[s] of 'facts underlying any determination on cancellation of removal,' . . . 'remain unreviewable.'" *Id.* at 1000 n.2 (quoting *Wilkinson*, 601 U.S. at 225).

Constancio-Morales argues that the BIA disregarded evidence of the financial difficulties and psychological hardship that his family would experience due to his removal. But "[t]he 'exceptional and extremely unusual hardship' standard is a very demanding one." *Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010). To constitute exceptional and extremely unusual hardship, the hardship must be "out of the ordinary and exceedingly uncommon." *Gonzalez-Juarez*, 137 F.4th at 1006. In evaluating whether a noncitizen meets this standard, the IJ "must

consider a range of factors, including the age and health of the qualifying family member." *Wilkinson*, 601 U.S. at 215.

Substantial evidence supports the BIA's decision that Constancio-Morales did not demonstrate exceptional and extremely unusual hardship. Constancio-Morales argues that because he is the breadwinner, the family would not be able to make ends meet without his support. However, the IJ found that Constancio-Morales's family lives in a home that he owns and Constancio-Morales has a vehicle that he owns outright and can be sold. Constancio-Morales's two oldest children live at home, are gainfully employed, and help support the family. Additionally, his eight U.S. citizen children are healthy and receive government healthcare and food assistance benefits. While Constancio-Morales contends that his wife could not go back to work and take care of the younger children at the same time, the IJ found that there was no evidence that she "could not reenter the workforce and continue to contribute economically to the home," and we are bound by that finding under *Wilkinson*. *See* 601 U.S. at 223. The IJ also found that Constancio-Morales's two oldest children could help support the family and that his family could live with his brother-in-law if needed.

Similarly, although Constancio-Morales's children would suffer emotional harm should he be removed, a reasonable adjudicator would not be compelled to conclude that any harm would be "'substantially different from, or beyond, that

which would normally be expected from the deportation' of a 'close family member.'" *Wilkinson*, 601 U.S. at 222 (brackets omitted) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001)). And contrary to Constancio-Morales's assertion, the IJ acknowledged that Constancio-Morales's removal would have an emotional impact on the children but recognized that nothing in the record showed that they would be unable to visit him in Mexico. We therefore DENY Constancio-Morales's petition for review of the agency's denial of cancellation of removal.

2. Constancio-Morales also contends that the agency abused its discretion by denying him post-conclusion voluntary departure. However, we "lack jurisdiction to review denials of voluntary departure." *Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir. 2004); *see* 8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure" at the conclusion of proceedings). We therefore DISMISS Constancio-Morales's petition for review of the BIA's discretionary denial of his request for post-conclusion voluntary departure.

**PETITION DENIED in part and DISMISSED in part.**