Victor NAVA–VALDEZ, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–70216.

United States Court of Appeals, Ninth Circuit.

Submitted April 6, 2006.**

Filed April 25, 2006.

Jorge T. Cabrera, Esq., Law Offices of Alexander N. Lopez, Glendale, CA, for Petitioner.

Alexander N. Lopez, Esq., Law Office of Alexander N. Lopez, Glendale, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON, O'SCANNLAIN, Circuit Judges, and JONES, District Judge.***

MEMORANDUM ****

Victor Nava–Valdez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeal's ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his application for cancellation of removal. We have partial jurisdiction under 8 U.S.C. § 1252. We review constitutional claims de novo. *Tovar–Landin v. Ashcroft,* 361 F.3d 1164, 1166 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Nava–Valdez's contention that the BIA erred in denying his application for cancellation of removal based on the discretionary finding that he failed to show exceptional and extremely unusual hardship. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003) (holding that the court lacks jurisdiction "to review the BIA's discretionary determination that an alien failed to satisfy the 'exceptional and extremely unusual hardship' requirement for cancellation of removal").

Nava–Valdez's contention that the IJ violated his due process rights by denying him a full and fair hearing by an impartial adjudicator fails because he did not present evidence on the record to demonstrate that the IJ prevented him from reasonably presenting his case, or that the outcome of his case was prejudiced. *Cf. Colmenar v. INS,* 210 F.3d 967, 971–72 (9th Cir.2000) (concluding that the petitioner was preju-

*** The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

diced because the IJ did not allow the petitioner to testify).

Furthermore, the BIA did not violate Nava–Valdez's due process rights by considering only evidence that was already in the record. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (explaining that the BIA will not engage in factfinding in the course of deciding appeals).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.