Maria Carmen CORONEL–
ORTIZ, Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

Nos. 03–70187, 05–75802.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 30, 2006.**

Filed Oct. 30, 2006.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kevin A. Bove, Esq., Escondido, CA, James Robert Patterson, Esq., Law Office of Lilia S. Velasquez, San Diego, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Stacy S. Paddack, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

## MEMORANDUM ***

In No. 03–70187, Maria Coronel–Ortiz petitions for review of the summary affirmance by the Board of Immigration Appeals ("BIA") of the decision of an immigration judge ("IJ") denying her application for cancellation of removal. In No. 05–75802, Coronel–Ortiz petitions for review of the BIA's denial of her motion to reopen her removal proceedings. We sua sponte granted rehearing in No. 03–70187, withdrew the previously-filed memorandum disposition, and consolidated these cases. **No. 03–70187:**

The IJ did not err by finding Coronel–Ortiz statutorily ineligible for cancellation of removal. The statute is clear that the relative must qualify at the time the IJ adjudicates the application. *See* 8 U.S.C. § 1229b(b) ("removal would result in exceptional and extremely unusual hardship to [her] spouse, parent or child *who is* a citizen of the United States or an alien lawfully admitted for permanent residence") (emphasis added); *see also Molina–Estrada v. INS*, 293 F.3d 1089, 1093–94 (9th Cir.2002).

Nor did the IJ abuse its discretion by failing to grant an open-ended continuance so that the immigration authorities could adjudicate her husband's application under the Legal Immigration Family Equity Act of 2000. Coronel–Ortiz did not actually request a continuance, or provide the IJ with any evidence to support her assertion that her husband was indeed eligible for an adjustment of status.[1] *See Baires v. INS*, 856 F.2d 89, 91–93 (9th Cir.1988) (describing factors to consider in denial of continuance); *see also Khan v. Att'y Gen.*, 448 F.3d 226, 235 (3d Cir.2006) (application for labor certification did not warrant open-ended continuance of removal proceedings); *Witter v. INS*, 113 F.3d 549, 555–56 (5th Cir.1997) (no abuse of discretion in denying continuance where unclear how long resolution would take).

Coronel–Ortiz's contention that the BIA improperly streamlined her case is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir.2003). **No. 05–75802:**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We realize that her husband was eventually able to adjust his status in 2003; however, we must review the record at the time of the IJ's decision.

■ Coronel–Ortiz contends that the regulations which require the Department of Homeland Security to join a motion to reopen filed more than 90 days after a final order violates the separation of powers doctrine. However, because all administrative removal proceedings take place within the Executive Branch, no separation of powers issue results. *See Thangaraja v. Gonzales,* 428 F.3d 870, 874 (9th Cir.2005).[2]

■ Coronel–Ortiz also argues that the BIA should have sua sponte reopened her case, but we lack jurisdiction to review the BIA's denial of a motion to reopen sua sponte. *Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). We are therefore compelled to dismiss this portion of her appeal.

■ Finally, Coronel–Ortiz argues that the BIA's standard for granting sua sponte motions to reopen—"exceptional situations"—is unconstitutionally vague and denied her due process. However, Coronel–Ortiz does not have a protectable property or liberty interest in discretionary relief from removal, which would be necessary to support a due process argument. *See Tovar–Landin v. Ashcroft,* 361 F.3d 1164, 1167 (9th Cir.2004) (no fundamental due process and equal protection right to discretionary relief from removal).

PETITION FOR REVIEW DENIED in 03–70187.

PETITION FOR REVIEW DENIED in part and DISMISSED in part in 05–75802.

---

2. *INS v. Chadha,* 462 U.S. 919, 957–58, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983), relied on by Coronel–Ortiz, is inapposite because it in- volved the Legislative Branch's authority to veto the decision to deport an alien.