Ricardo Jesus **CERVANTES– CRUZ,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–71413.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2006.

Filed Dec. 22, 2006.

---

Pasquale Lombardo, Glendale, CA, for Petitioner.

Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, McKEOWN, and WARDLAW, Circuit Judges.

## MEMORANDUM *

In ruling on the petition before us to review the decision of the Board, "the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) deprives us of jurisdiction to review the decision by the [Board] to grant or deny a request for voluntary departure." *Garcia v. Ashcroft,* 368 F.3d 1157, 1159 (9th Cir.

2004) (citing 8 U.S.C. § 1229c(f)) (internal quotations omitted). We do, however, retain jurisdiction to consider constitutional claims arising from the order of a voluntary departure. *See Tovar–Landin v. Ashcroft,* 361 F.3d 1164, 1166 (9th Cir. 2004). We also have jurisdiction to review Cervantes–Cruz's argument that the Board violated its own streamlining regulations. *See Kumar v. Gonzales,* 439 F.3d 520, 523–24 (9th Cir.2006).

Cervantes–Cruz contends that the Board violated his due process rights when it "reduced" his voluntary departure period from sixty to thirty days. This argument is foreclosed by *Tovar–Landin.* There we held "that aliens have no fundamental right to discretionary relief from removal for purposes of due process" and that "there is no constitutionally protected liberty interest in the discretionary privilege of voluntary departure." 361 F.3d at 1167. Since Cervantes–Cruz does not have a "protected liberty interest" in the sixty-day voluntary departure period ordered by the Immigration Judge (IJ), he cannot establish that the Board's effective denial of the thirty additional days to which he believes he is entitled constitutes a violation of due process.

Cervantes–Cruz further contends that the Board violated the streamlining procedures set forth at 8 C.F.R. § 1003.1(e)(4) and (5) by failing to provide an "individualized rationale" for its "reduction" of his voluntary departure period. This argument prevails under our recent decision in *Padilla–Padilla v. Gonzales,* 463 F.3d 972 (9th Cir.2006). There we held that "because the [Board] issued a streamlined order, it was required to affirm the entirety of the IJ' s decision,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

including the length of the voluntary departure period." *Id.* at 981. We therefore remand to the BIA to determine the appropriate voluntary departure period. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Cervantes–Cruz asks us to hold this petition in abeyance or otherwise stay our mandate pending the issuance of "U" visa regulations so that he may apply for a "U" visa. Because we are remanding for calculation of the voluntary departure period, we do not need to reach this issue. The remand prevents our mandate from issuing and the BIA can address Cervantes–Cruz's request that his petition be held in abeyance in the first instance on remand.

**Petition GRANTED in part. REMANDED.**