**Lissete Guadalupe CALLEJA LEYVA, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71422.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2006.

Filed Dec. 22, 2006.

Pasquale Lombardo, Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Se-

curity, San Francisco, CA, Daniel G. Lonergan, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, McKEOWN, and WARDLAW, Circuit Judges.

### MEMORANDUM *

In ruling on the petition before us to review the decision of the Board, "the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) deprives us of jurisdiction to review the decision by the [Board] to grant or deny a request for voluntary departure." *Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir. 2004) (citing 8 U.S.C. § 1229c(f)) (internal quotations omitted). We do, however, retain jurisdiction to consider constitutional claims arising from the order of a voluntary departure. *See Tovar–Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir. 2004). We also have jurisdiction to review Calleja Leyva's argument that the Board violated its own streamlining regulations. *See Kumar v. Gonzales*, 439 F.3d 520, 523–24 (9th Cir.2006).

■ Calleja Leyva contends that the Board violated her due process rights when it "reduced" her voluntary departure period from sixty to thirty days. This argument is foreclosed by *Tovar–Landin.* There we held "that aliens have no fundamental right to discretionary relief from removal for purposes of due process" and that "there is no constitutionally protected liberty interest in the discretionary privilege of voluntary departure." 361 F.3d at 1167. Since Calleja Leyva does not have a "protected liberty interest" in the sixty-day voluntary departure period ordered by the Immigration Judge (IJ), she cannot establish that the Board's effective denial of the thirty additional days to which she believes she is entitled constitutes a violation of due process.

■ Calleja Leyva further contends that the Board violated the streamlining procedures set forth at 8 C.F.R. § 1003.1(e)(4) and (5) by failing to provide an "individualized rationale" for its "reduction" of her voluntary departure period. This argument prevails under our recent decision in *Padilla–Padilla v. Gonzales*, 463 F.3d 972 (9th Cir.2006). There we held that "because the [Board] issued a streamlined order, it was required to affirm the entirety of the IJ' s decision, including the length of the voluntary departure period." *Id.* at 981. We therefore remand to the BIA to determine the appropriate voluntary departure period. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Calleja Leyva asks us to hold this petition in abeyance or otherwise stay our mandate pending the issuance of "U" visa regulations so that she may apply for a "U" visa. Because we are remanding for calculation of the voluntary departure period, we do not need to reach this issue. The remand prevents our mandate from issuing and the BIA can address Calleja Leyva's request that her petition be held in abeyance in the first instance on remand.

**Petition GRANTED in part. REMANDED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.