**Manikam REDDY, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 05–70555.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2008 \*\*.

Filed April 16, 2008.

Iraj Shahrok, Esq., Law Office of Iraj Shahrok, Belmont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Ila C. Deiss, USSF— Office of the U.S. Attorney, San Francisco, CA, for Respondent.

Before: HUG, RYMER, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

Manikam Reddy (Reddy) petitions for review of a Board of Immigration Appeals' (BIA) decision affirming the immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and relief pursuant to the Convention Against Torture. Reddy also appeals the IJ's denial of voluntary departure, and seeks a motion to reopen or remand based on his recent marriage to a U.S. citizen.

1. Based on the material inconsistencies between Reddy's asylum application and his testimony, his failure to produce corroborating evidence, his non-responsiveness, and his testimony concerning events not included in his asylum application, there was substantial evidence supporting the adverse credibility determination. *See Chebchoub v. I.N.S.,* 257 F.3d 1038, 1045 (9th Cir.2001) ("The Board had reason to question [Reddy's] credibility, it supplied specific reasons that related to the basis for his claim, and he failed to produce non-duplicative, material, easily available corroborating evidence and gave no explanation for such failure.") (citations omitted); *see also Alvarez–Santos v. I.N.S.,* 332 F.3d 1245, 1254 (9th Cir.2003) (concluding that adverse credibility determination was supported by substantial evidence because of a "major inconsistency.").

2. Reddy's due process claim based on the IJ's alleged bias fails because "the factual record adequately supports the denial of [his] application for relief ..." *Rivera v. Mukasey,* 508 F.3d 1271, 1276 (9th Cir.2007) (citation omitted).

3. Pursuant to 8 U.S.C. §§ 1252(a)(2)(B)(i) and 1229c(f), we lack jurisdiction to review the IJ's denial of voluntary departure. *See Tovar–Landin v. Ashcroft,* 361 F.3d 1164, 1166 (9th Cir. 2004); *see also Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

4. We lack jurisdiction over Reddy's unexhausted adjustment of status claim. *See Rojas–Garcia v. Ashcroft,* 339 F.3d

---

ting by designation.

\* Michael B. Mukasey is substituted for his predecessor Alberto R. Gonzales as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

814, 819 (9th Cir.2003) ("Before a petitioner can raise an argument on appeal, the petitioner must first raise the issue before the BIA or IJ.") (citations omitted).

**Petition DENIED in part and DISMISSED in part.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided

