**Patricia Camerina LOPEZ–LOPEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 04–75917, 05–71712.

United States Court of Appeals, Ninth Circuit.

Submitted July 1, 2008.*

Filed July 11, 2008.

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Luis E. Perez, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

In these consolidated cases, Patricia Camerina Lopez–Lopez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") orders dismissing her appeal from an immigration judge's decision pretermitting her application for relief under former section 212(c) of the Immigration and Nationality Act (No. 04–75917), and denying her motion to reconsider (No. 05–71712). We have jurisdiction under 8 U.S.C. § 1252. We review de novo constitutional challenges, *Tovar–Landin v. Ashcroft,* 361 F.3d 1164, 1166 (9th Cir.2004), and for abuse of discretion the denial of a motion to reconsider, *Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005). We deny both petitions for review.

We reject Lopez–Lopez's equal protection contention regarding her ineligibility for § 212(c) relief. Under the reasoning of *Armendariz–Montoya v. Sonchik,* 291 F.3d 1116, 1121–22 (9th Cir.2002), Lopez–Lopez is not similarly situated, for purposes of § 212(c) relief, to those aliens who pled guilty. She has therefore not established an equal protection violation. *See Dillingham v. INS,* 267 F.3d 996, 1007

(9th Cir.2001) ("In order to succeed on his [equal protection] challenge, the petitioner must establish that his treatment differed from that of similarly situated persons."). *Servin–Espinoza v. Ashcroft,* 309 F.3d 1193 (9th Cir.2002), is not to the contrary.

The BIA acted within its discretion in denying Lopez–Lopez's motion to reconsider because the motion failed to identify an error of fact or law in the BIA's prior decision. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

**PETITIONS FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

