**Jesus Ayala VELAZQUEZ;
et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 08–70166.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2009.[*]

Filed March 27, 2009.

Jesus Ayala Velazquez, Lynwood, CA, pro se.

Sung Uk Park, Esquire, Los Angeles, CA, for Petitioners.

Lisa Marie Arnold, Senior Litigation Counsel, John Hogan, Senior Litigation Counsel, OIL, Stacy Stiffel Paddack, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM [**]

Petitioners Jesus Ayala Velazquez and Agustina Amezquita, natives and citizens of Mexico, petition for review of a Board of Immigration Appeals ("BIA") order denying their motion to reopen removal proceedings in which they were denied cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the BIA's denial of petitioners' motion to reopen, which introduced further evidence of hardship to their United States citizen children. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir.2006) ("Section 1252(a)(2)(B)(i) ... bars jurisdiction where the question presented is essentially the same discretionary issue originally decided.")

---

1. We note that the district court did not have the benefit of our decision in *Murillo* at the time this case was decided.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Our conclusion that we lack jurisdiction to review the BIA's denial of reopening forecloses petitioners arguments that the BIA denied them due process by denying the motion as untimely, and by failing to properly evaluate the evidence presented in their motion to reopen. *See Fernandez v. Gonzales,* 439 F.3d at 603–04; *Tovar–Landin v. Ashcroft,* 361 F.3d 1164, 1167 (9th Cir.2004) (explaining that cancellation is a discretionary form of relief in which a petitioner has no due process rights regarding the denial thereof).

**PETITION FOR REVIEW DISMISSED.**