**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50496 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00250-GAF-1 |
| v. | |
| EDGAR SANTIAGO QUINTANA-RAMOS, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted April 6, 2010
Pasadena, California

Before: D.W. NELSON and REINHARDT, Circuit Judges, and GERTNER,[**]
District Judge.

Appellant Edgar Santiago Quintana-Ramos ("Quintana") was convicted of

illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326. He now

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Nancy Gertner, United States District Judge for the
District of Massachusetts, sitting by designation.

appeals the district court's denial of his motion to dismiss the indictment and challenges his above-guidelines sentence of 24 months. We affirm.

The Department of Homeland Security deported Quintana in late October 2007 after he pled guilty in state court to willful neglect of a child resulting in injury. *See* Cal. Penal Code § 273a(a). Quintana's infant stepson had been found dead in Quintana's apartment with vomit in his mouth and bruises on his lips. At the removal hearing, the Immigration Judge ("IJ") declined to grant Quintana voluntary departure, a form of relief from deportation that would have precluded a later illegal reentry charge. In March 2009, law enforcement officials found the appellant in Riverside, California, and a federal grand jury indicted him shortly thereafter.

Quintana seeks to collaterally attack the IJ's removal order based on an alleged due process violation in his deportation proceeding. He contends that the IJ employed a per se rule against voluntary departure for aliens with criminal records. We conclude that the IJ did not apply a categorical policy, and do not reach the issue of whether such a policy would constitute a due process violation.

At the deportation hearing, the IJ explained that his decision to deny voluntary departure was "because of" Quintana's "conviction for cruelty to a child." He asked Quintana about the circumstances of the conviction, including the

time served in custody and the age of the child. The IJ thus considered the nature of Quintana's criminal record in deciding whether to grant relief.

Since the IJ properly exercised discretion, there was no due process violation. *See Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1167 (9th Cir. 2004). As a result, Quintana's removal order was not "fundamentally unfair," *United States v. Lopez-Velasquez*, 568 F.3d 1139, 1142 (9th Cir. 2009), and we hold that the district court correctly denied Quintana's motion to dismiss on this ground.

Next, Quintana argues that the district court did not explain the extent of its deviation from the guidelines and that the ultimate sentence was substantively unreasonable. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008). The district court sentenced Quintana to 24 months imprisonment, 8 months above the top of the guidelines range. The court indicated that it departed from the guidelines based on the probation officer's suggestion that Quintana's child cruelty conviction was significantly more serious than various crimes that would have resulted in an additional four-point enhancement. The court also explicitly considered the living conditions at Quintana's former home and the severe injuries suffered by his stepson. Finally, the court rejected the government's suggestion to take into account an uncharged murder of Quintana's former wife, and contrasted Quintana's 24-month sentence with the government's recommendation of at least

-3-

46 months.

Given the district court's discussion of these factors, it adequately explained Quintana's sentence. Moreover, in light of the evidence of Quintana's prior child abuse and neglect, the ultimate sentence imposed was reasonable.

**AFFIRMED.**